# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION

| | | |
|---|---|---|
| SHANTEL PARKER, on behalf of herself and all others similarly situated, | ) ) ) | Civil Action No.: 3:19-cv-00325 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | COLLECTIVE ACTION |
| | ) | COMPLAINT |
| STATS, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

Plaintiff, Shantel Parker, ("Parker" or "Plaintiff"), on behalf of herself and all others similarly situated, by and through counsel, brings this collective action for violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b).

## NATURE OF PLAINTIFF'S CLAIMS

1.      This lawsuit seeks to recover unpaid minimum wages, misappropriated tips, and statutory penalties for Plaintiff and any similarly situated co-workers who worked or have worked as servers ("Tipped Workers") at Stats Restaurant Bar ("Stats") located at 3425 David Cox Road, Charlotte, North Carolina 28269.

2.      Plaintiff brings this action on behalf of herself and all similarly situated current and former Tipped Workers who elect to opt-in to this action pursuant to the collective action provision of 29 U.S.C. § 216(b), to remedy violations of the FLSA.

## THE PARTIES

3.      Parker is an adult individual who is a resident of Charlotte, North Carolina.

4. Parker was employed by Stats as a server, i.e. a Tipped Worker, from May 2018 to May 2019.

5. Stats, LLC is a domestic limited liability company registered in the State of North Carolina since May 2017 with its principal place of business located at 3425 David Cox Rd., Charlotte, NC 28269.

## JURISDICTION AND VENUE

6. This Court has original federal question jurisdiction under 28 U.S.C. § 1331 for the claims brought under the FLSA, 29 U.S.C. § 201 *et. seq*.

7. This Court has personal jurisdiction because Defendant conducts business in Mecklenburg County, North Carolina, which is located within this judicial district.

8. Venue is proper in this judicial district because Defendant has substantial business contacts in this district, because the named Plaintiff resides in Mecklenburg County, North Carolina, and because the unlawful acts alleged herein occurred in Mecklenburg County, North Carolina.

9. All of the alleged causes of action can be determined in this judicial proceeding and will provide judicial economy, fairness and convenience for the parties.

## COVERAGE ALLEGATIONS

10. At all times hereinafter mentioned, Defendant has been an employer within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

11. At all times hereinafter mentioned, Defendant has been an enterprise within the meaning of Section 3(r) of the FLSA 29 U.S.C. § 203(r).

2

12.     At all times hereinafter mentioned, Defendant has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that the enterprise has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that the enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

13.     At all times hereinafter mentioned, Plaintiff has been an employee within the meaning of Section 3(e) of the FLSA, 29 U.S.C. § 203(e).

14.     At all times hereinafter mentioned, Plaintiff was an individual employee who was engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206-207.

**PLAINTIFF'S FACTUAL ALLEGATIONS**

15.     Throughout the duration of her employment at Stats, Defendant failed to provide paychecks or records that properly recorded or compensated her and the Tipped Workers for all the hours that she worked.

16.     Defendant required Plaintiff to perform work off-the-clock without compensation. Specifically, Defendant maintained a policy and/or practice of requiring Plaintiff to clock out of Stats' Point of Sale system prior to the end of each shift, but then she continued performing additional job duties including, but not limited to, calculating the tips she received for the day, calculating "tipout" (a portion of the tips she received that Defendant required her to share with other employees), reviewing the calculations with her manager, and waiting for a manager to

3

inspect and approve her side work. Plaintiff estimates that she and other Tipped Workers worked off-the-clock between 15 minutes and 1 hour per day.

17.     Defendant required Plaintiff and other servers to pay, from their tips, for the loss of food and drink sales incurred as a result walkouts. Specifically, if a customer walked out without paying for a meal or drinks, Defendant required the sale price of that item to be paid from the cash tips that particular server has on hand at the time of the error. In the event that the server had no cash tips on hand at the time of the walkout, Defendant deducted the sale price from credit card tips.

18.     Defendant has enforced the walkout policy described above and deducted earned tip income from Plaintiff and other Tipped Workers to reimburse Defendant for violations of these policies. For example, on one occasion, Defendant deducted approximately $50 from Plaintiff's tips because customers left without paying for their drinks.

19.     Defendant did not record or track the number of hours Plaintiff spent working off-the-clock.

20.     Defendant did not accurately record or track the number of hours Plaintiff spent working on the clock.

21.     Defendant willfully failed to comply with the terms of the minimum wage requirements of the FLSA regarding off-the-clock work and the taking of a tip credit against minimum wages.

22.     Plaintiff has suffered damages as a result of Defendant's unlawful actions.

## COLLECTIVE ACTION ALLEGATIONS

23.      Plaintiff incorporates by reference herein paragraphs 1-22 of this Complaint.

4

24. This action is maintainable as an "opt-in" collective action pursuant to the FLSA, 29 U.S.C. § 216(b), as to claims for unpaid minimum wages, liquidated damages, and attorneys' fees and costs.

25. Pursuant to 29 U.S.C. § 216(b), Plaintiff brings her FLSA claims on behalf of herself and similarly situated employees who have worked as Tipped Workers at Stats in Charlotte, NC who elect to opt-in to this action ("Opt-in Plaintiffs").

26. The FLSA § 216(b) collective action class is properly defined as: All current and former employees of Defendant who were employed at Stats in Charlotte, North Carolina as servers anytime during the three-year period preceding the filing of the Complaint in this action.

27. Consistent with Defendant's policy and pattern or practice, Plaintiff and Opt-in Plaintiffs have not been paid minimum wages for all hours worked.

28. All of the work that Plaintiff and Opt-in Plaintiffs have performed has been assigned by Defendant, and/or Defendant has been aware of all of the work that Plaintiff and Opt-in Plaintiffs have performed.

29. As part of its regular business practice, Defendant has intentionally, willfully and repeatedly engaged in a pattern, practice, and/or policy of violating the FLSA with respect to Plaintiff and Opt-in Plaintiffs. This policy and pattern and practice includes, but is not limited to:

    (a)    willfully failing to pay its Tipped Workers, including Plaintiff and Opt-in Plaintiffs, minimum wages for all hours worked;

    (b)    willfully failing record all the time that its Tipped Workers, including Plaintiff and Opt-in Plaintiffs, have worked for the benefit of Defendant; and

    (c)    requiring Tipped Workers, including Plaintiff and Opt-in Plaintiffs, to pay Defendant for walkouts with the tips they earned from customers.

5

30.     Plaintiff and Opt-in Plaintiffs perform or performed the same job duties, were subject to the same employment policies, practices and procedures, and have been subject to the same unlawful practices alleged herein.

31.     Defendant's policy and practice of requiring "off-the-clock" work, described above was applicable to and affected all Servers.

32.     Defendant's unlawful conduct has been widespread, repeated, and consistent.

33.     There are many similarly situated current and former Tipped Workers who have been denied minimum wage who would benefit from the issuance of a court-supervised notice of this lawsuit and the opportunity to join it.  This notice should be sent to the Opt-in Plaintiffs pursuant to 29 U.S.C. § 216(b).

34.     Those similarly situated employees are known to Defendant, are readily identifiable, and can be located through Defendant's records.

35.     Plaintiff Parker requests that she be permitted to serve as a representative of those who consent to participate in this action and that this action be granted collective action status pursuant to 29 U.S.C. § 216(b).

## COUNT I

**(Violation of Fair Labor Standards Act – Minimum Wages Collective Action)**

36.     Plaintiff incorporates by reference paragraphs 1-35 of this Complaint.

37.     Count I arises from Defendant's violation of the FLSA, for its failure to pay all minimum wages earned by Plaintiff and similarly situated Tipped Workers.

38.     Defendant violated the FLSA by failing to pay Plaintiff and similarly situated Tipped Workers for all time worked by requiring them to work off-the-clock without pay.

39. Defendant violated the FLSA by failing to keep, make and preserve accurate records of all time worked by Plaintiff and similarly situated Tipped Workers.

40. Defendant violated the FLSA by deducting tip credit from Plaintiff and similarly situated Tipped Workers for server error, walkouts, and breakage.

41. Defendant's violation of the FLSA was willful.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff and all employees similarly situated who join in this action demand:

a) Order the Defendants to file with this Court and furnish to counsel for Plaintiff a list of all names, telephone numbers, home addresses and email addresses of all servers who have worked for Defendant within the last three years;

b) Authorize Plaintiff's counsel to issue notice at the earliest possible time to all servers who have worked for Defendant within the last three years, informing them that this action has been filed, of the nature of the action, and of their right to opt-in to this lawsuit if they were deprived of minimum wages and overtime compensation, as required by the FLSA;

c) An Order pursuant to Section 16(b) of the FLSA finding Defendant liable for unpaid back wages due to Plaintiff (and those who have joined in the suit) and for liquidated damages equal in amount to the unpaid compensation found due to Plaintiff (and those who have joined in the suit);

d) An Order awarding the costs of this action;

e) An Order awarding reasonable attorneys' fees;

f)      A Declaration and finding by the Court that Defendant willfully violated

provisions of the FLSA by failing to comply with the minimum wage requirements of the

FLSA;

g)      An Order awarding pre-judgment and post-judgment interest at the highest rates

allowed by law; and

h)      An Order granting such other and further relief as may be necessary and

appropriate.

Respectfully submitted,


/s/ Jason S. Chestnut
Jason S. Chestnut, NCSB #52066
Philip J. Gibbons, Jr., NCSB #50276
Craig L. Leis, NCSB #48582

GIBBONS LEIS, PLLC
14045 Ballantyne Corporate Place, Ste 325
Charlotte, North Carolina 28277
Telephone:    (704) 612-0038

E-Mail:   jason@gibbonsleis.com
            phil@gibbonsleis.com
            craig@gibbonsleis.com